# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON ROGERS, #96558, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-19-1467 |
| STATE OF MARYLAND, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

On May 18, 2019, Aaron Rogers, an inmate presently incarcerated at the Howard County Detention Center ("HCDC") in Jessup, Maryland, proceeding without counsel, filed a civil action against the State of Maryland; Howard County, Maryland; Danielle M. Duclaux, a Howard County prosecutor; Jack Kavanagh, the Director of the Howard County Department of Corrections; K. Sciandra, a District Court Commissioner; an unknown Howard County District Court judge; and Howard County Police Officers Phelps, Moon, and Hennessey. Compl., ECF No. 1. Rogers alleges that Officers Moon and Hennessey arbitrarily arrested and detained him. *Id.* at 8-10. Rogers also claims that Officer Phelps improperly filed a statement of charges following the arrest, that both Commissioner Sciandra and a Howard County District Court judge committed judicial misconduct during Rogers's initial appearance and bail review hearing, that Duclaux engaged in prosecutorial misconduct, and that the policies and conditions at HCDC are unconstitutional. *Id.* at 11-18. His filing was construed and instituted as a civil rights Complaint pursuant to 42 U.S.C. § 1983.

The State of Maryland, Duclaux, Commissioner Sciandra and the unknown Howard County District Court judge are immune to suit, and the claims against them will be dismissed with prejudice. His claims against Officers Phelps, Moon and Hennessey, as well as his claims

against Howard County and Kavanaugh based on conditions of confinement, shall proceed.

## Immunity

Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983, however, "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from citizen suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. *See Nureni v. Maryland*, No. ELH-18-2069, 2019 WL 2250570, at *6 (D. Md. May 24, 2019). Accordingly, the State of Maryland is immune from suit and shall be dismissed with prejudice.

The unknown Howard County District Court judge is a Maryland state judge whom plaintiff is suing for decisions made in his or her capacity as a judge. Rogers's claim against the judge cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their

official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). The unknown Howard County District Court judge is thus immune from suit.[1]

As for Commissioner Sciandra, his alleged actions occurred in his quasi-judicial capacity. "'Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Grant v. Maryland*, Civil Action No. PWG-17-2816, 2018 WL 1069363, at *2 (D. Md. Feb. 26, 2018) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). State court commissioners are entitled to absolute quasi-judicial immunity for their actions in approving warrants and setting conditions of release and bond. *Id.* (citing *Horsey v. State Comm'r #2112*, 2014 WL 2548130, at *1–2 (D. Md. 2014)); *accord Horn v. Maryland*, No. PWG-17-3633, 2018 WL 704851, at *3 (D. Md. Feb. 2, 2018); *see also Davis v. DiPino*, 337 Md. 642, 652, 655 A.2d 401, 406 (1995) (recognizing that the district court commissioner was "entitled to absolute judicial immunity from civil liability for violations of both Maryland law and 42 U.S.C. § 1983 for his

---

[1] While judicial immunity applies only to claims for monetary relief, *Mireles*, 502 U.S. at 9–10, that is all Plaintiff seeks in his claim against the judge. *Compare* Compl. 22 (seeking $3 million in his claims against Sciandra and the judge), *with* Compl. 20–22 (seeking damages injunctive relief as to Howard County, Kavanaugh, Moon, Hennessey, and the State of Maryland).

actions as a judicial officer in issuing the arrest warrant"). Rogers alleges that Sciandra arbitrarily denied him pretrial release, and therefore the Commissioner is entitled to absolute quasi-judicial immunity.

Likewise, Maryland's State's Attorneys, such as Howard County prosecutor Duclaux, are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). Here, Rogers alleges that Duclaux violated his constitutional rights when he filed an indictment without a determination by a district court judge. The decision as to "whether and when to prosecute" is "quasi-judicial," therefore, Duclaux in this case enjoys absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). The claims against her will be dismissed with prejudice.

**Motion to Proceed in Forma Pauperis**

Rogers has filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2); however, the affidavit in support of the motion fails to conform with the requirements of 28 U.S.C. § 1915(a)(2), the relevant portion of which provides:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Thus, Rogers must obtain from each of the prisons where he was

4

incarcerated over the past six months an inmate account information sheet showing the deposits to his account and monthly balances maintained therein.

In order to assist Rogers in providing this information to the Court, the Finance Officer at HCDC shall be directed to file a certificate which indicates (1) the average monthly balance in the account for the six-month period immediately preceding the filing of this Complaint and (2) the average monthly deposits to the account during that time.

Accordingly, it is this 8th day of July, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants State of Maryland, Danielle M. Duclaux, K. Sciandra, and Unknown District Court Judicial Officer ARE DISMISSED WITH PREJUDICE;
2. The claims against Police Officers Moon, Hennessy, and Phelps, and Howard County and Kavanaugh SHALL PROCEED;
3. Rogers SHALL BE REQUIRED to inform the Court of any change of address during the pendency of this action pursuant to Local Rule 102.1.b.iii (D. Md. 2018);
4. Within TWENTY-ONE (21) days from the date of this Order, the Finance Officer at HCDC SHALL FILE an inmate account summary information sheet for the past six months of Rogers's incarceration. The Finance Officer ALSO SHALL FILE a certificate which indicates (a) the average monthly balance in the account for the six-month period immediately preceding the filing of this complaint and (b) the average monthly deposits to the account during that time. The Finance Officer SHALL PROVIDE Rogers with a copy of any documentation filed with the Court. Rogers is cautioned that his failure to assist prison personnel in obtaining such information will result in dismissal without prejudice

of this action without further notice from the Court; and

5. The Clerk IS DIRECTED to MAIL a copy of this Order to the FINANCE OFFICER at HCDC and to Rogers.

                                                         /S/
                                Paul W. Grimm
                                United States District Judge